Scott S. Humphreys (SBN 298021)
  humphreyss@ballardspahr.com
Brianna R. Howard (SBN 314642)
  howardbr@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Federal Deposit
Insurance Corporation as Receiver
for First Republic Bank

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASH FERDOWSI and ARASH FERDOWSI REVOCABLE TRUST,<br><br>       Plaintiffs,<br><br>       v.<br><br>JPMORGAN CHASE BANK, N.A., and FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST REPUBLIC BANK, and DOES 1-10,<br><br>       Defendants. | Case No. 3:24-cv-04644-MCC<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S**<br><br>**COUNTERCLAIMS FOR**<br>  1) **DECLARATORY JUDGMENT**<br>  2) **PERMANENT INJUNCTIVE RELIEF**<br><br>**AND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST REPUBLIC BANK,<br><br>       Counterclaimant,<br><br>       v.<br><br>ARASH FERDOWSI and ARASH FERDOWSI REVOCABLE TRUST,<br><br>       Counterclaim Defendants. | |

## FDIC-R'S COUNTERCLAIMS

Defendant and Counterclaimant Federal Deposit Insurance Corporation as Receiver for First Republic Bank ("FDIC-R") hereby asserts its Counterclaims for Declaratory Judgment and Permanent Injunctive Relief against Plaintiffs and Counterclaim-Defendants Arash Ferdowsi and Arash Ferdowsi Revocable Trust (together "Ferdowsi" or "Plaintiffs") as follows:

## SUMMARY OF COUNTERCLAIMS

With the failure of First Republic Bank on May 1, 2023 – the second-largest bank failure in United States history[1] – and the appointment of FDIC as Receiver, the landscape for the pursuit of claims against First Republic Bank fundamentally changed.  Specifically, the FDIC-R is charged with the duty of winding up First Republic Bank's affairs, which includes the statutory authorization to resolve all outstanding claims relating to the failed bank.  Through attempted strategic pleading of the type squarely prohibited by the Ninth Circuit's controlling decision in *Benson* and its progeny*,* Plaintiffs improperly attempt to perform an end run around of the mandates of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") and the failed bank receivership.  *See Benson v. JPMorgan Chase*, 673 F.3d 1207, 1209 (9th Cir. 2012); *see also Shaw v. Bank of America Corp.*, 946 F.3d 533 (9th Cir. 2019).

By bringing its own counterclaims for declaratory judgment and permanent injunctive relief, FDIC-R seeks to enforce the statutory requirements of FIRREA – as mandated by Congress – that any and all claims relating to acts or omissions of the failed First Republic Bank or FDIC-R must be first exhausted through the compulsory FIRREA administrative claims process and be adjudicated in federal court.  *See Benson*, 673 F.3d at 1209-12 (Plaintiffs cannot avoid the requirements of FIRREA through strategic pleading; FIRREA "distinguishes claims on their factual bases rather than the identity of the defendant . . . [and] asks whether claims 'relate to any act or omission' of a failed institution or the FDIC").

---

[1]  At the time of failure, First Republic Bank had approximately $229.1 billion in total assets and $103.9 billion in total deposits, making it the second-largest bank failure in United States history.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

**THE PARTIES**

1.    Arash Ferdowsi is an individual who, at all relevant times prior to the failure of First Republic Bank on May 1, 2023, was a resident of the State of California.  Arash Ferdowsi Revocable Trust is a trust established under California law.

2.    The FDIC is a federal agency existing pursuant to an Act of Congress of the United States known as the Federal Deposit Insurance Act, 12 U.S.C. § 1811, et seq.  The FDIC appears in this action in its capacity as Receiver for the failed First Republic Bank. First Republic Bank's principal place of business was in the Northern District of California until the bank failed on May 1, 2023.

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A) because any suit in which the FDIC is a party in any capacity "shall be deemed to arise under the laws of the United States."

4.    Venue is proper under 12 U.S.C. § 1821(d)(6), which mandates that any claims against a failed bank or the FDIC-R as receiver for a failed bank are subject to FIRREA, and must be adjudicated in the federal district court where the principal place of the failed bank was located (here, the United States District Court for the Northern District of California), or alternatively the United States District Court for the District of Columbia.  Venue is also proper under 28 U.S.C. § 1391(a) and (b), because Ferdowsi's claims are premised on alleged acts or omissions of the failed First Republic Bank and its employees or agents working within the Northern District of California, and/or because a substantial part of the events giving rise to the claims occurred in this District.

**BACKGROUND AND NATURE OF COUNTERCLAIMS**

**A.    The Failure of First Republic Bank and Appointment of FDIC as Receiver**

5.    On May 1, 2023, the California Department of Financial Protection and Innovation closed First Republic Bank and appointed FDIC as Receiver for First Republic Bank pursuant to U.S.C. § 1821(c)(5).  FDIC accepted the appointment on the same date.  Copies of the appointment and acceptance letters are each attached as **Exhibit 1**.

6.    By virtue of the FDIC's appointment as Receiver pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC-R succeeded by operation of federal law to all rights, titles, powers, privileges, assets and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

liabilities of the failed First Republic Bank. *See, e.g., FDIC v. North Savannah Properties, LLC*, 686 F.3d 1254, 1259-60 (11th Cir. 2012) ("The FDIC's appointment as receiver for a failed institution is not an ordinary transfer of interest.").

7.    Additionally, to protect depositors and through the exercise of its Congressionally-granted receivership powers, on May 1, 2023 FDIC-R entered into a Purchase and Assumption Agreement ("P&A Agreement") with JPMorgan Chase Bank, N.A. ("Chase"). Under the P&A Agreement, FDIC-R exercised its receivership powers to transfer all deposits and substantially all assets of the failed First Republic Bank – including its wholly owned subsidiaries First Republic Securities Company, LLC ("FRSC") and First Republic Investment Management, Inc. ("FRIM") – to Chase.[2] However, FDIC-R expressly retained and did not transfer the liabilities of the subsidiaries.[3] *See* Section 2.2(a) of P&A Agreement; 12 U.S.C. §§ 1821(d)(2), 1823(c).

**B.    The FIRREA Mandatory Administrative Claims Process**

8.    The failure of First Republic Bank and the appointment of the FDIC as Receiver on May 1, 2023 fundamentally altered the landscape for the pursuit of claims. Under federal law, the FDIC-R is charged with the duty of winding up First Republic Bank's affairs and is statutorily authorized to resolve all outstanding claims against First Republic Bank. *See* 12 U.S.C. § 1821(d)(2)(A)-(B) and § 1821(d)(3)-(13) (setting forth the mandatory administrative claims process under FIRREA).[4]

---

[2]  FRSC and FRIM are now known as J.P, Morgan Securities LLC ("JPMS") and J.P. Morgan Private Wealth Advisors LLC ("JPMPWA"), which are two of the entities strategically sued by Plaintiffs in the FINRA Arbitration.

[3]  The May 1, 2023 P&A Agreement was entered through FDIC-R's exercise of its receivership powers and made in furtherance of the FDIC-R's statutory mission to maintain stability of the U.S. financial system by resolving failed financial institutions, either through the transfer or liquidation of assets, in the manner that "maximizes the net present value return from the sale or disposition of such assets…." 12 U.S.C. § 1821(d)(13)(E). That statutory mission is frequently accomplished through execution of P&A Agreements, which is the most common and preferred method used by FDIC-R to transfer the assets of failed banks. Specifically, through such agreements, the FDIC-R transfers assets, while often retaining the liabilities associated with a failed institution, because this facilitates the transfer of the failed institution's assets to healthy acquiring institutions and keeps the assets functioning in the banking system.

[4]  Importantly, under federal law, the FDIC as Receiver is not subject to the direction or supervision of any other agency or department of the United States, or of any state, in the operation of the receivership.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

9.      To maintain confidence and stability in the banking and financial system in the wake of bank failures, Congress entrusted special powers to FDIC and established a federal statutory framework governing the resolution of failed depository institutions designed to promote the efficient, expeditious, and orderly liquidation of failed banks.  *See* 12 U.S.C. § 1821(d)(2)(A)-(B) and § 1821(d)(3)-(13). FIRREA's comprehensive framework promulgated a fair and consistent process for the Receiver to resolve claims and is "designed to give the FDIC power to take all actions necessary to resolve the problems posed by a financial institution in default."  H.R. Rep. No. 101-54, pt. I, at 330 (1989), reprinted in 1989 U.S.C.C.A.N. 86, 126; *Pareto v. FDIC*, 139 F.3d 696, 701 (9th Cir. 1998).

10.     In particular, FIRREA establishes a mandatory administrative claims process, which all persons asserting claims must exhaust before they may commence litigation on a claim.  12 U.S.C. § 1821(d)(3)-(13); *Intercont'l Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1283 (9th Cir. 1994); *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993); *Vinieratos v. United States*, 939 F.2d 762, 772 (9th Cir. 1991).  The FIRREA administrative claims process broadly extends to all claims relating to failed banks or the FDIC, which include:

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).

C.     **Plaintiffs Choose Not to File Administrative Claims and Instead Seek to Evade FIRREA and the Receivership**

12.     In accordance with 12 U.S.C. § 1821(d)(3)(B), FDIC-R published notice to all creditors or potential claimants against the failed First Republic Bank of the requirement to submit claims and

---

*See* 12 U.S.C. § 1821(c)(2)(C).  No court may take any action to restrain or affect the exercise of the powers or functions of the FDIC as receiver.  *See* 12 U.S.C. § 1821(j).  These Congressional provisions allow the FDIC as Receiver to operate without interference in determining the most effective resolution of the failed institution's assets and liabilities and to accomplish its mission of maintaining the public's confidence in the nation's banking system, protecting depositors, and preserving the Deposit Insurance Fund.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

comply with the FIRREA administrative claims process before the September 5, 2023 Claims Bar Date (the "Publication Notice").[5] (*See* Publication Notice, **Exhibit 2**.)

13.    Ferdowsi did not submit a claim at any time, either before or after the Claims Bar Date. Instead, in or around February 2024, Ferdowsi through counsel submitted a demand letter to Chase. Upon being forwarded the letter and discovering Ferdowsi's claims, in accordance with 12 U.S.C. § 1821(d)(3)(C)(ii),, FDIC-R sent to Ferdowsi, through the same counsel who submitted the demand letter, a Notice To Discovered Claimant To Present Proof of Claim ("Discovered Claimant Notice"). **Exhibit 3**. The Discovered Claimant Notice provided instructions on how to submit a claim after the Claims Bar Date, and it provided a Submission Date of May 15, 2024 for Ferdowsi to submit a claim. The Discovered Claimant Notice unequivocally stated, "**Failure to file your claim by the Submission Deadline will result in disallowance of your claim."** (emphasis in original). Despite receiving the Discovered Claimant Notice, Ferdowsi once again chose not to file any such claim.

14.    Instead of following the requirements and framework dictated by FIRREA, Plaintiffs chose to disregard the failure of First Republic Bank, the appointment of the Receiver, and the mandatory administrative claims process. In fact, Plaintiffs attempted to bypass FIRREA and the FDIC-R altogether, when they initiated an arbitration proceeding before FINRA (the Financial Industry Regulatory Authority), on or about July 30, 2024, against former First Republic Bank employee Arif Ahmed, and subsidiaries of the failed First Republic Bank, J.P. Morgan Private Wealth Advisors LLC ("JPMPWA") (formerly FRIM) and J.P. Morgan Securities LLC ("JPMS") (formerly FRSC). Emphasizing their deliberate circumvention of FIRREA, the following day, on July 31, 2024, Plaintiffs filed the instant federal court action seeking a declaration that Plaintiffs have a right to proceed with their arbitration in FINRA without any regard to the failure of First Republic Bank, the appointment of the FDIC as Receiver, and the mandates of FIRREA.

---

[5]   The Publication Notice was published on May 8, 2023; June 9, 2023; and July 7, 2023, in the San Francisco Chronicle, the Los Angeles Times, the New York Times, the Wall Street Journal and the Boston Globe. The FDIC-R also published news of the failure of First Republic Bank, the FDIC's appointment as Receiver, an explanation of the claims process, and the Claims Bar Date on its website at https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/first-republic.html.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

15.    Notably, Plaintiffs' request for declaratory relief against FDIC-R is prohibited under federal law.  Under 12 U.S.C. § 1821(j) "no court may take any action, except at the request of the Board of Directors of the [FDIC] by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver."  As reflected in its broad language, this provision constitutes "a sweeping ouster of courts' power to grant equitable remedies," barring all "nonmonetary" remedies against the FDIC as receiver, including declaratory relief.  *Freeman v. FDIC*, 56 F.3d 1394, 1399 (D.C. Cir. 1995); *accord Tri-State Hotels, Inc. v. FDIC,* 79 F.3d 707,715 (8th Cir. 1996); *see also Bank of Am., N.A. v. Colonial Bank*, 604 F.3d 1239, 1245-46 (11th Cir. 2010). Congress' purpose in enacting § 1821(j) was "to permit the FDIC to perform its duties as conservator or receiver promptly and effectively without judicial interference." *Hindes v. FDIC*, 137 F.3d 148, 160 (3d Cir. 1998); *Mile High Banks v. FDIC*, No. 11-CV-01417-WJM-MJW, 2011 WL 2174004, at *1 (D. Colo. June 2, 2011).

**D.    FDIC-R Removes the Arbitration to the Northern District of California.**

16.    On October 9, 2024, pursuant to 12 U.S.C. §§ 1819 and 1821, the FDIC-R filed a Notice of Substitution in FINRA,[6] thereby substituting into the arbitration as a Defendant and real party in interest to defend against Plaintiffs' claims based upon alleged acts or omissions occurring prior to the May 1, 2023 failure of First Republic Bank.  That same day, pursuant to 12 U.S.C. § 1819(b)(2)(B), FDIC-R removed the FINRA proceeding to the United States District Court for the Northern District of California.[7]  *See Arash Ferdowsi et al v. Arif Ahmed, et al.,* Case No. 3:24-cv-7065 (N.D. Cal. Oct.

---

[6] Because the "failed institution ceases to exist," the FDIC-R is "automatically substituted for the failed institution" as soon as it files a notice of substitution. *North Savannah Properties*, 686 F.3d at 1260; *see also FDIC v. Constructora Japimel, Inc.*, 981 F.3d 66, 70 (1st Cir. 2020) (finding "the FDIC immediately became a party when it filed its notice of substitution"); *Allen v. FDIC*, 710 F.3d 978, 981-82 (upon substitution the FDIC immediately becomes the real party in interest).

[7]  The broad statutory right of removal conferred on the FDIC is necessary to carry out Congress' mandate that FDIC cases should be heard in federal courts.  *See Kirkbride v. Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991); *In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc), cert. denied, 113 S.Ct. 967 (1993) (removal under Section 1819 "is completely consistent with the other procedural advantages FIRREA gives the FDIC and with the underlying goal of promoting uniform federal, as opposed to state, regulation and supervision of thrift institutions"); *Dalton v. FDIC*, 987 F.2d 1216 (5th Cir. 1993) ("[N]o doubt remains that the FDIC enjoys a unique and powerful right to remove to federal court virtually any case to which it is or becomes a party, irrespective of the stage or posture of the litigation when the FDIC's substitution or intervention occurs"). *Bullion Services Inc., v. Valley State*

9, 2024). By removing the arbitration to this federal court, FDIC-R seeks to enforce the statutory requirements of FIRREA mandated by Congress that any and all claims relating to acts or omissions of the failed First Republic Bank or FDIC-R must be first exhausted through the mandatory FIRREA administrative claims process and be adjudicated in federal court. As the Ninth Circuit made abundantly clear in *Benson*, Plaintiffs cannot avoid the requirements of FIRREA through strategic pleading of the type attempted here. 673 F.3d at 1209-12.

**E.**    **Controlling Ninth Circuit Case Authority Prohibits Plaintiffs from Attempting to Plead Around FIRREA and the Receivership.**

11.    Plaintiffs' claims and allegations relate to the acts and omissions of the failed First Republic Bank and its former employee, Arif Ahmed ("Ahmed"). Specifically, the overwhelming majority of Plaintiffs' claims are based on alleged conduct occurring prior to the failure of First Republic Bank on May 1, 2023. Moreover, Plaintiffs' claims concern the alleged conduct of Ahmed during the scope of his employment with First Republic Bank. Despite these facts, Plaintiffs – through their post-failure actions, their filings in arbitration, and their filings in federal court – reveal their cards: Plaintiffs are engaged in a concerted effort to sidestep the failure of First Republic Bank, the appointment of FDIC as Receiver, and the requirements of FIRREA.

12.    Indeed, Plaintiffs attempted strategic pleading is of the type squarely prohibited by the Ninth Circuit in *Benson* and its progeny. *See Benson*, 673 F.3d at 1209 (FIRREA "distinguishes claims on their factual bases rather than the identity of the defendant . . . [and] asks whether claims 'relate to any act or omission' of a failed institution or the FDIC. Notably, [FIRREA] . . . does not make any distinction based on the identity of the party from whom relief is sought"); *see also Shaw*, 946 F.3d at 533 (rejecting plaintiff's attempt to circumvent FIRREA by bringing claims against assuming bank as it "would encourage the very litigation that FIRREA aimed to avoid") (cleaned up).

_____

*Bank*, 50 F.3d 705, 707 (9th Cir. 1995) (noting that Section 1819(b)(2)(B) "confers several procedural advantages on the FDIC that go beyond the general removal authorization found in 28 U.S.C. §§ 1441–1452" and "that the grant of subject matter jurisdiction contained in FDIC's removal statute evidences Congress' desire that cases involving FDIC should generally be heard and decided by the federal courts.") (citations omitted).

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment)**

12.    FDIC-R repeats and realleges the allegations in the paragraphs set forth above.

13.    This Court has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to "declare the rights and other relations of any interested party seeking a declaration."

14.    Congress has given the FDIC-R broad powers to have all cases involving any claims against a failed bank or the FDIC as receiver to be heard exclusively in federal court.  FIRREA mandates that "all suits of a civil nature at common law or in equity to which [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). This broad statutory right conferred on the FDIC-R is necessary to carry out Congress's mandate that all failed bank and FDIC-R cases should be heard in federal courts.

15.    FIRREA establishes the mandatory process for administration of claims against a failed bank for which the FDIC has been appointed receiver.  12 U.S.C. § 1821(d)(6)(A).  Further, the Ninth Circuit holds that the requirements of FIRREA and the Receivership cannot be avoided through a plaintiff's strategic pleading, which includes attempting to exclude FDIC-R and the targeting of other parties. *See Benson*, 673 F.3d at 1209.

16.    Here, the claims and allegations asserted by Plaintiffs relate to acts or omissions of the failed First Republic Bank and its former employee Ahmed, and concern alleged conduct occurring prior to the failure of First Republic Bank on May 1, 2023.

17.    The only proper forum for Plaintiffs to pursue their claims, which are subject to FIRREA, is in federal court, not a FINRA arbitration. *See* 12 U.S.C. § 1821(d)(6) (federal court is the only proper forum for judicial review of any claims against a failed bank, or the FDIC-R as receiver for the failed bank).

18.    FDIC-R accordingly requests declaratory judgment and an Order, pursuant to 28 U.S.C. §§ 2201 and 2202, that Plaintiffs may only pursue their claims relating to acts or omissions prior to the failure of First Republic Bank on May 1, 2023 against FDIC-R in federal court, and that Plaintiffs are enjoined from pursuing any such claims in FINRA arbitration, or in any other proceeding.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

**SECOND CAUSE OF ACTION**

**(Permanent Injunction)**

19.    FDIC-R repeats and realleges the allegations in the paragraphs set forth above.

20.    FDIC-R will suffer irreparable injury, loss, or damage if Plaintiffs are allowed to pursue claims subject to FIRREA and concerning acts or omissions prior to the failure of First Republic Bank on May 1, 2023, in FINRA arbitration.

21.    Other courts have granted injunctive relief in similar circumstances.    *See, e.g.*, *Multibank 2010-1 SFR Venture LLC v. Saunders*, No. 2:11-cv-1245-JCM-CWH, 2011 WL 5546960, at *3 (D. Nev. Nov. 14, 2011) (enjoining arbitration of claims against a failed financial institution where FIRREA barred the dispute at issue and finding that "[a]n injunction upholds the intent and purposes underlying FIRREA").

22.    Absent injunctive relief, any FINRA arbitration will be a waste of time and resources, will involve improper discovery, and would address claims that are subject to and barred by federal law where FINRA has no authority or jurisdiction to adjudicate those claims, resulting in burdensome, costly, and duplicative proceedings with potentially inconsistent rulings.

23.    FDIC-R will likely suffer further prejudice and harm if the FINRA arbitration is not enjoined, because Ahmed, JPMS, and JPMPWA will be forced to participate in a proceeding to defend against claims that are expressly reserved for FDIC-R who has succeeded to the liability by operation of federal law and who is the real party in interest defendant.

24.    The granting of a permanent injunction will not cause greater harm to Plaintiffs than already exists.  Indeed, Plaintiffs will not be harmed at all, as they have no right to assert the claims in the first instance, having ignored the administrative procedure set forth in FIRREA, and may have their complaint heard in federal court.

25.    The public interest favors the granting of a permanent injunction in favor of FDIC-R in connection with FDIC-R's winding up of the affairs of the nation's failed banks and resolving claims against them as intended by Congress.  Furthermore, protecting parties from being forced to arbitrate non-arbitrable claims is in the public interest.

26.    For these reasons, the balancing of equities also favors FDIC-R.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

27.    Any other outcome will chill an acquiring institution's willingness to enter into future transactions with the FDIC-R in the wake of a bank's failure.

28.    FDIC-R accordingly requests that the Court grant permanent injunctive relief enjoining Plaintiffs from pursuing their claims in FINRA arbitration or any other forum than this Court, because such claims relate to alleged acts or omissions occurring prior to the failure of First Republic Bank on May 1, 2023.

## PRAYER FOR RELIEF

WHEREFORE, FDIC-R prays for relief as follows:

A.    An order and judgment declaring that Plaintiffs are barred by FIRREA from maintaining and pursuing their claims relating to acts or omissions occurring prior to the failure of First Republic Bank on May 1, 2023, in FINRA arbitration or in any other proceeding other than in this Court;

B.    A permanent injunction enjoining Plaintiffs from maintaining and pursuing their claims relating to acts or omissions occurring prior to the failure of First Republic Bank on May 1, 2023, in FINRA Arbitration or in any other proceeding other than in this Court; and

C.    Such other and further relief that the Court deems just and proper.

////

////

## FDIC-R'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant and Counterclaimant Federal Deposit Insurance Corporation as Receiver for First Republic Bank ("FDIC-R") hereby answers the Complaint filed by Plaintiffs and Counterclaim Defendants Arash Ferdowsi and Arash Ferdowsi Revocable Trust ("Ferdowsi") as follows.  Pursuant to Fed. R. Civ. P. 8(b)(3), FDIC-R denies every allegation not expressly admitted herein.

## I.    INTRODUCTION

1.    Admits that Ferdowsi has initiated a FINRA arbitration, which was removed to the Northern District of California.  Lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore denies them.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

2.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and therefore denies them.

3.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies them.

4.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore denies them.

5.    Admits that FDIC-R is a Defendant and real party in interest with respect to any claims asserted by Plaintiffs based on any alleged acts or omissions that occurred prior to May 1, 2023. On May 1, 2023, First Republic Bank was closed by the California Department of Financial Protection and Innovation, and the FDIC was appointed Receiver pursuant to 12 U.S.C. § 1821(c)(5). Admits further that by operation of federal law, pursuant to 12 U.S.C. § 1821(d)(2)(A), FDIC-R succeeded to all rights, titles, powers, privileges, assets and liabilities of the failed First Republic Bank. Admits further that on May 1, 2023, to protect depositors, FDIC-R entered into a Purchase and Assumption Agreement ("P&A Agreement") with JPMorgan Chase Bank, N.A. ("Chase"). Admits further that through exercise of its receivership powers, FDIC-R transferred all deposits and substantially all assets of the failed First Republic Bank – including its wholly owned subsidiaries First Republic Securities Company, LLC and First Republic Investment Management, Inc. – to Chase. However, FDIC-R expressly retained and did not transfer the liabilities of the subsidiaries. See 12 U.S.C. §§ 1821(d)(2), 1823(c). All other allegations in Paragraph 5 are denied.

6.    Denies the allegations in Paragraph 6.

7.    Admits that it joined in Chase's Motion for a Preliminary Injunction to preclude FINRA arbitrations in *Nickel*. Denies the remaining allegations in Paragraph 7.

8.    Paragraph 8 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 8 are denied.

9.    Paragraph 9 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 9 are denied.

10.    Paragraph 10 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 10 are denied.

FDIC-R'S COUNTERCLAIMS AND ANSWER                    Case No. 3:24-cv-04644-MCC

II.    **THE PARTIES**

11.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

14.    Admits the allegations in Paragraph 14.

III.    **JURISDICTION**

15.    Admits that admits that any civil suit in which the FDIC is a party in any capacity "shall be deemed to arise under the laws of the United States" and this case belongs in federal court.  12 U.S.C. § 1819(b)(2)(A).  All other allegations in Paragraph 15 are denied.

16.    The allegations of Paragraph 16 are legal conclusions as to which no response is required.  FDIC-R admits this case belongs in federal court.

17.    Denies the allegations in paragraph 17 as the P&A by its express terms is governed under federal law.  Further, the P&A was entered into through FDIC-R's exercise of its receivership powers. FDIC-R and Chase are the only parties to the P&A, and the P&A has no third-party beneficiaries. Plaintiffs lack standing under the law to make any arguments regarding interpretation of the P&A.  To the extent not already denied, all other allegations in Paragraph 17 are denied.

IV.    **VENUE**

18.    Admits that venue is proper in this District because it is the principal place of business of the failed First Republic Bank and where the alleged acts or omissions occurred. FDIC-R lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 and therefore denies them.

V.    **DIVISIONAL ASSIGNMENT**

19.    Does not challenge divisional assignment for purposes of this action only. Lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 and therefore denies them.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

## VI.    CONSPIRACY, AIDING AND ABETTING, AND CONCERTED ACTION

20.    Paragraph 20 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 20 are denied.

21.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22.    Admits that First Republic Investment management, Inc. ("FRIM") and First Republic Securities Company, LLC ("FRSC") were wholly owned subsidiaries of First Republic Bank prior to May 1, 2023. Admits further that on May 1, 2023, First Republic Bank was closed by the California Department of Financial Protection and Innovation, and the FDIC was appointed Receiver for the failed bank pursuant to 12 U.S.C. § 1821(c)(5). Admits further that by operation of federal law, pursuant to 12 U.S.C. § 1821(d)(2)(A), FDIC-R succeeded to all rights, titles, powers, privileges, assets and liabilities of the failed First Republic Bank. Admits further that on May 1, 2023, to protect depositors, FDIC-R entered into a P&A Agreement with Chase. Admits further that through exercise of its receivership powers, FDIC-R transferred all deposits and substantially all assets of the failed First Republic Bank – including its wholly owned subsidiaries First Republic Securities Company, LLC and First Republic Investment Management, Inc. – to Chase. However, FDIC-R expressly retained and did not transfer the liabilities of the subsidiaries. See 12 U.S.C. §§ 1821(d)(2), 1823(c). All other allegations in Paragraph 22 are denied.

23.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25.    Paragraph 20 contains legal conclusions to which no response is required. To the extent a response may be required, FDIC-R lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28. Admits that the vast majority of conduct alleged took place before the May 1, 2023 failure of First Republic Bank. Lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 and therefore denies them.

29. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies them.

30. Admits that on March 10, 2023, Silicon Valley Bank of Santa Clara, California was closed by the California Department of Financial Protection & Innovation and the Federal Deposit Insurance Corporation was appointed Receiver. Admit further that on March 12, 2023, Signature Bank of New York, NY, was closed by the New York State Department of Financial Services and the Federal Deposit Insurance Corporation was appointed Receiver. All other allegations in Paragraph 30 are denied.

31. Admits that on May 1, 2023, First Republic Bank was closed by the California Department of Financial Protection and Innovation, and the FDIC was appointed Receiver for the failed bank pursuant to 12 U.S.C. § 1821(c)(5). Admits further that by operation of federal law, pursuant to 12 U.S.C. § 1821(d)(2)(A), FDIC-R succeeded to all rights, titles, powers, privileges, assets and liabilities of the failed First Republic Bank. Admits further that on May 1, 2023, to protect depositors, FDIC-R entered into a P&A Agreement with Chase. Admits further that through exercise of its receivership powers, FDIC-R transferred all deposits and substantially all assets of the failed First Republic Bank – including its wholly owned subsidiaries First Republic Securities Company, LLC and First Republic Investment Management, Inc. – to Chase. However, FDIC-R expressly retained and did not transfer the liabilities of the subsidiaries. See 12 U.S.C. §§ 1821(d)(2), 1823(c). All other allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 refer to the statutory language of Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

14

33.    The allegations in Paragraph 33 refer to the P&A between Chase and FDIC-R, the text of which speaks for itself.  On May 1, 2023, to protect depositors and through the exercise of its receivership powers, FDIC-R entered into a P&A Agreement with Chase.  FDIC-R and Chase are the only parties to the P&A, and the P&A has no third-party beneficiaries.  Plaintiffs lack standing under the law to make any arguments regarding interpretation of the P&A.  Through the exercise of its receivership powers, FDIC-R transferred all deposits and substantially all assets of the failed First Republic Bank – including its wholly owned subsidiaries First Republic Securities Company, LLC and First Republic Investment Management, Inc. – to Chase.  However, FDIC-R expressly retained and did not transfer the liabilities of the subsidiaries. See 12 U.S.C. §§ 1821(d)(2), 1823(c). All other allegations in Paragraph 33 are denied.

34.    The allegations in Paragraph 34 refer to the P&A between Chase and FDIC-R, the text of which speaks for itself.  On May 1, 2023, to protect depositors and through the exercise of its receivership powers, FDIC-R entered into a P&A Agreement with Chase.  FDIC-R and Chase are the only parties to the P&A, and the P&A has no third-party beneficiaries.  Plaintiffs lack standing under federal law to make any arguments regarding interpretation of the P&A. Through the exercise of its receivership powers, FDIC-R transferred all deposits and substantially all assets of the failed First Republic Bank – including its wholly owned subsidiaries First Republic Securities Company, LLC and First Republic Investment Management, Inc. – to Chase.  However, FDIC-R expressly retained and did not transfer the liabilities of the subsidiaries. See 12 U.S.C. §§ 1821(d)(2), 1823(c).  All other allegations in Paragraph 34 are denied.

35.    The allegations in Paragraph 35 refer to pleadings in the *Nickel* case, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied.  Paragraph 35 also contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 35 are denied.

36.    Paragraph 36 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 36 are denied.

37.    Paragraph 37 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 37 are denied.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

15

38.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies them.

39.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

40.     Admits that on or about July 30, 2024, Plaintiffs filed a Statement of Claim before FINRA, against Arif Ahmed, J.P. Morgan Private Wealth Advisors, LLC, and J.P. Morgan Securities, LLC asserting claims for fraud, violation of the California Corporations Code, securities fraud, control person liability, and breach of fiduciary duty.

41.     The allegations in Paragraph 41 refer to Plaintiffs' Statement of Claim attached to Plaintiffs' Complaint as Exhibit A, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied.

42.     The allegations in Paragraph 42 refer to Plaintiffs' Statement of Claim attached to Plaintiffs' Complaint as Exhibit A, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied.

43.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore denies them.

44.     Admits that pursuant to 12 U.S.C. § 1821(d), FDIC-R published notice to all creditors or potential claimants against First Republic Bank of the requirement to submit claims and comply with the administrative claims process before the September 5, 2023 Claims Bar Date. Admits further that FDIC-R sent Plaintiffs a Notice To Discovered Claimant To Present Proof of Claim. Despite receiving this Notice, Plaintiffs filed no administrative claim. The remaining allegations of Paragraph 44 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 44 are denied.

45.     The allegations in Paragraph 45 refer to pleadings in the *Nickel* case, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied. Paragraph 45 also contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 45 are denied.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

46.    Paragraph 46 contains legal conclusions to which no response is required. FDIC-R admits that on October 9, 2024, it substituted as a Defendant and real party in interest to the FINRA arbitration and removed it to this Court (No. 3:24-cv-07065) and filed an Administrative Motion to Relate Cases in the instant action. (ECF 25.) To the extent a response may be required, the allegations in Paragraph 46 are denied.

47.    Paragraph 47 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 47 are denied.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

### (Against JPM Bank and the FDIC)

48.    Paragraph 48 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 48 are denied.

49.    Paragraph 49 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 49 are denied.

50.    Paragraph 50 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 50 are denied.

51.    Paragraph 51 contains legal conclusions to which no response is required. To the extent a response may be required, the allegations in Paragraph 51 are denied.

## VII.    PRAYER FOR RELIEF

The FDIC-R denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

The FDIC-R, without waiving or excusing Plaintiffs' burden of proof on its causes of action, or conceding that FDIC-R has the burden of proof or persuasion, states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

1

### SECOND AFFIRMATIVE DEFENSE

2

### (Failure to Exhaust Administrative Process)

3

Plaintiffs are unable to state facts sufficient to state a cause of action on which relief may be

4

granted because Plaintiffs failed to exhaust the mandatory administrative claims process set forth in

5

FIRREA, 12 U.S.C. 1821, *et* seq.

6

### THIRD AFFIRMATIVE DEFENSE

7

### (Limitation on Court Action)

8

Plaintiffs' claims and requested relief are barred under 12 U.S.C. § 1821(j) because they seek

9

to restrain, affect or interfere with FDIC-R's exercise of powers or functions in the performance of its

10

duties as receiver for the failed First Republic Bank.

11

### FOURTH AFFIRMATIVE DEFENSE

12

### (Lack of Standing)

13

Plaintiffs lack standing to assert any claims pursuant to Fed. R. Civ. P. 17(a)(1).  Further,

14

Plaintiffs as non-parties to the P&A Agreement lack standing to make any arguments regarding

15

interpretation of the P&A Agreement between FDIC-R and Chase, which was entered into through

16

the exercise of FDIC-R's receivership powers.

17

### FIFTH AFFIRMATIVE DEFENSE

18

### (*D'Oench* Doctrine / 12 U.S.C. §§ 1823(e) and 1821(d)(9)(A))

19

To the extent that Plaintiffs' claims are based upon representations or agreements that are not

20

in writing, and not approved and recorded in the official books and records of First Republic Bank, they

21

are not actionable under 12 U.S.C. §§ 1823(e) and 1821(d)(9)(A) and *D'Oench, Duhme & Co. v. FDIC,*

22

315 U.S. 447 (1942).

23

### SIXTH AFFIRMATIVE DEFENSE

24

### (Equitable Estoppel)

25

Plaintiffs' claims are barred, in whole or in part, by reason of acts, omissions, representations

26

and courses of conduct by Plaintiffs, which First Republic Bank relied upon to their detriment, thereby

27

barring such claims under the doctrine of equitable estoppel.

28

FDIC-R'S COUNTERCLAIMS AND ANSWER                    Case No. 3:24-cv-04644-MCC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiffs suffered any damages, which FDIC-R denies, Plaintiffs are not entitled to recovery due to their failure to exercise reasonable care to mitigate and avoid such damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## RESERVATION OF RIGHTS

FDIC-R reserves the right to amend and/or allege any further affirmative defenses as they may become known through the course of discovery or otherwise during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, FDIC-R prays as follows:

1.    That Plaintiffs take nothing from FDIC-R;

2.    That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiffs and in favor of FDIC-R on each cause of action; and

3.    That FDIC-R be awarded such other and further relief as the Court may deem just and proper.

DATED: October 15, 2024                    **BALLARD SPAHR LLP**

                                                          By:  */s/ Scott S. Humphreys*
                                                                 Scott S. Humphreys
                                                                 Brianna R. Howard

                                                          Attorneys for Federal Deposit
                                                          Insurance Corporation as Receiver
                                                          for First Republic Bank

FDIC-R'S COUNTERCLAIMS AND ANSWER                    Case No. 3:24-cv-04644-MCC

# EXHIBIT 1

# STATE OF CALIFORNIA

# DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| FIRST REPUBLIC BANK | ) | APPOINTMENT AND TENDER |
| | ) | OF APPOINTMENT AS RECEIVER |
| | ) | |
| _____ | ) | |

## I.    FINDINGS

The Commissioner of Financial Protection and Innovation of the State of California (the "Commissioner") finds:

1.    The Commissioner took possession of the property and business of First Republic Bank (the "Bank") and ordered that the Bank be liquidated.  The Order Taking Possession of Property and Business and Order of Liquidation are each hereby referred to and by this reference incorporated herein and the findings therein are hereby adopted as findings herein.

2.    The deposit accounts of the Bank are insured by the Federal Deposit Insurance Corporation (the "FDIC"), in accordance with the Federal Deposit Insurance Act.

3.    The FDIC is qualified to act as the receiver of the Bank.

4.    It is in the best interests of all those impacted by the Order of Possession and Order of Liquidation to appoint and to tender to the FDIC the appointment as receiver of the Bank.

## II.    APPOINTMENT AND TENDER OF APPOINTMENT

On the basis of the Findings set forth above and pursuant to Financial Code Section 620, the Commissioner appoints and tenders to the FDIC the appointment as receiver of the Bank.

DATED:  May 1, 2023
          San Francisco, California

_____
CLOTHILDE V. HEWLETT
Commissioner
Department of Financial Protection and Innovation



May 1, 2023

Ms. Clothilde "Cloey" V. Hewlett, Commissioner
California Department of Financial Protection & Innovation (DFPI)
One Sansome Street, Suite 600
San Francisco, CA 94104

Subject:          First Republic Bank
                  San Francisco, CA – In Receivership
                  Acceptance of Appointment as Receiver


Commissioner Hewlett,

Please be advised that the Federal Deposit Insurance Corporation accepts its appointment as Receiver of the captioned depository institution, in accordance with the Federal Deposit Insurance Act, as amended.


Sincerely,

FEDERAL DEPOSIT INSURANCE CORPORATION


By: _____
Name: _____
        George R. Fritz
        Receiver-in-Charge

1

# EXHIBIT 2

**PUBLICATION**
**NOTICE TO**
**CREDITORS AND DEPOSITORS OF**
**FIRST REPUBLIC BANK**
**SAN FRANCISCO, CA**

On **May 1, 2023** (the "Closing Date"), the **California Department of Financial Protection and Innovation** closed **FIRST REPUBLIC BANK, San Francisco, CA** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation (the "FDIC") as Receiver (the "Receiver") to handle all matters relating to the Failed Institution.

**TO THE CREDITORS OF THE FAILED INSTITUTION**

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before September 5, 2023** (the "Claims Bar Date"). You may submit your proof of claim form via our interactive FDIC Claims Portal at https://resolutions.fdic.gov/claimsportal/s/, the FDIC website at https://www.fdic.gov/resources/forms/deposit-claims-and-asset-sales/index.html, or by calling 972-761-8677.

Claims may be submitted through the FDIC Claims Portal, or mailed to the following address:

FDIC as Receiver of
**First Republic Bank**
600 Pearl Street, Suite 700
Dallas, TX 75201
Attention: Claim Agent **10543**

**Under federal law 12 U.S.C. Section 1821(d)(5)(C), failure to file a claim on or before the Claims Bar Date will result in the Receiver disallowing the claim. The disallowance is final.**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

**TO THE DEPOSITORS OF FIRST REPUBLIC BANK**

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **JPMorgan Chase Bank NA, Columbus, OH 43240** (the "New Institution").  This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits**.

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within eighteen (18) months from the Closing Date, which is **November 1, 2024**. **Official Items issued by the Failed Institution; such as cashier's checks, dividend checks, interest checks, expense checks, and money orders are considered Deposits and must also be claimed within 18 months from the Closing Date.** You may claim your deposits at **JPMorgan Chase Bank, Columbus, OH** by taking any one of the following actions. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s).  This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;
2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);
3. Provide the New Institution with a completed change of address form; or
4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

If you do not claim ownership of your Deposits at the New Institution by **November 1, 2024,** federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records.  12 U.S.C. Section 1822(e).  If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. According to the Unclaimed Deposits Amendments Act of 1993 (12 U.S.C. Section 1822(e)), **you will have ten years to claim your deposits from the State's Unclaimed Property Division according to the state's unclaimed property laws. If you do not claim your deposits from the State within the ten-year period, federal law prohibits you from claiming your deposits.**

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated.  A receivership may be terminated at any time.  Once the receivership terminates, you will not be able to claim your Deposits.

If you have a loan with the Failed Institution, and you would like to discuss offsetting your insured and/or uninsured deposit(s) against the loan, you must contact the FDIC immediately.

In the event you disagree with the FDIC's determination of your insurance coverage as represented by the account(s) made available at the New Institution, you may seek a review of the FDIC's determination in the United States District Court for the federal judicial district where the principal place of business of the Failed Institution was located.  **You must file your request for this review no later than 60 days after the date on which your deposit(s) became available to you at the New Institution. Filing a request for review will not prevent you from using the funds in your new account.**

# EXHIBIT 3

# FDIC

**Federal Deposit Insurance Corporation**

600 North Pearl Street, Suite 700, Dallas, TX  75201 _____ Division of Resolutions and Receiverships

**February 15, 2024**

**ARASH FERDOWSI**
**C/O JOHNATHAN E PICKHARDT**
**QUINN EMANUEL**
**51 MADISON AVE, 22ND FL**
**NEW YORK, NY 10010-1601**

SUBJECT:     **10543 – First Republic Bank**
             **San Francisco, CA** – In Receivership
             Closing Date: **May 1, 2023**
             Claims Bar Date: **September 5, 2023**
             Submission Deadline: **May 15, 2024**

### NOTICE TO DISCOVERED CLAIMANT TO PRESENT PROOF OF CLAIM

Dear Claimant:

On **May 1, 2023** (the "Closing Date"), the **California Department of Financial Protection and Innovation** closed **First Republic Bank** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver (the "Receiver").

The Receiver has discovered that you may have a claim against the Failed Institution.  If you do not have a claim against the Failed Institution, please disregard this notice.

**Published Notice/Claims Bar Date:**  The Receiver has published a notice in one or more newspapers stating that the Failed Institution was closed and that any claims against the Failed Institution must be filed **on or before September 5, 2023** (the "Claims Bar Date").

**How to File Your Claim:**  In order for the Receiver to consider your claim you must submit the properly completed Proof of Claim Form along with the supporting documentation to the Receiver by the Claims Bar Date.  You may submit your claim on-line, by mail, or by fax.

Please visit https://resolutions.fdic.gov/claimsportal/s/ to file a claim online and for other helpful services you can perform electronically.   When possible, it is recommended that claims be submitted to the FDIC on-line.

If you choose to file your claim via the mail, it is recommended that you send it by U.S. certified mail or a commercial delivery service that can provide you with a receipt of delivery.

To fax a claim you should contact a claims agent at the telephone number listed at the bottom of this letter to obtain a fax number.

**Filing After the Claims Bar Date:**  Failure to file your claim on or before the Claims Bar Date will result in disallowance by the Receiver, and the disallowance will be final.  12 U.S.C. 1821(d)(5)(C)(i).  By law,

however, the Receiver may consider claims filed after the Claims Bar Date if: (1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, and (2) the claim is filed in time to permit payment of the claim (the "late-filed claim exception").  12 U.S.C. 1821(d)(5)(C)(ii).

Because the Claims Bar Date has passed in this case, you must prove to the Receiver's satisfaction that you did not receive notice of the appointment of the Receiver in time to file a claim before the Claims Bar Date.  Therefore, along with your Proof of Claim form and supporting documentation, you must prove that you lacked knowledge of the appointment of the Receiver.  For example, evidence that you were on active military duty stationed overseas at the time of the appointment of the Receiver.  You must submit your completed claim and the supporting documentation to the Receiver **on or before May 15, 2024** (your **"Submission Deadline"**).  Submitting your claim no later than the Submission Deadline does not guarantee that it will be accepted as timely as the Submission Deadline does not extend the Claims Bar Date.

**<u>Failure to file your claim by the Submission Deadline will result in the disallowance of your claim.</u>**

**If you file your claim on or before the Submission Deadline and satisfy the late-filed exception:**

**Time for Receiver to Determine Your Claim:**  The Receiver has 180 days from the date it receives your claim to determine whether to allow or to disallow your claim.

**If Your Claim is Disallowed or You Do Not Receive a Timely Notice of Disallowance:**  Pursuant to 12 U.S.C. Section 1821(d)(6), if the Receiver notifies you of the disallowance of your claim or if you do not receive a notice of disallowance on or before the end of the 180-day period, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver).  Your lawsuit must be filed within 60 days after the date of the notice of disallowance by the Receiver OR within 60 days after the end of the 180-day period, **whichever is earlier**.  You must file your lawsuit either in the United States District (or Territorial) Court for the District where the Failed Institution's principal place of business was located or in the United States District Court for the District of Columbia.  The Receiver will not consent or agree to further administrative review of your disallowed claim.  12 U.S.C. 1821(d)(7)(A).

**Lawsuits:**  If you do not file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) before the end of the 60-day period, the disallowance of your claim will be final and you will have no further rights or remedies with respect to your claim.  12 U.S.C. 1821(d)(6)(B)(ii).

**Insured Deposit Claims:**  Claims for insured deposits are claims against FDIC in its corporate capacity as deposit insurer - not against the Receiver.  If any portion of your claim is for an insured deposit, your rights differ from the rights described in the preceding paragraphs.  An insured depositor's rights are set forth in 12 U.S.C. Section 1821(f).  Please contact a claims agent at the below phone number for deposit claims inquiries.

**Note to Class Claimants**:  By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court.  EACH individual or entity must file a separate claim with the Receiver.

If you have any questions about this letter, please contact the undersigned at **(972) 761-8677.**


Sincerely,


CLAIMS AGENT
Claims Department


Enclosures: Proof of Claim Form, Instructions

## Instructions for filing Form FDIC 7200/19, Proof of Claim, and Supporting Documentation

**INSTRUCTIONS**:  **The following fields <u>MUST</u> be completed in order for your Proof of Claim (POC) to be considered**. (The numbers correspond with those located on the Proof of Claim.)

1.  **SSN/TAX ID NO**. The Claimant's tax identification number (if a company) or his/her Social Security Number (if an individual).
2.  **NAME OF PERSON COMPLETING THE PROOF OF CLAIM**.  Self-explanatory.
3.  **NAME OF THE CLAIMANT**. This is the person or entity actually making the claim.  This may be you or another person or entity on whose behalf you are authorized to file the claim.
4.  **AMOUNT OF CLAIM**. The dollar amount of the claim.
5.  **DESCRIPTION OF CLAIM**. Detailed description of what is being claimed (e.g., the invoice number, type of service being claimed, account number, etc.).  Additional information may be attached.
6.  **SIGNATURE**. The signature of the person completing the POC.  Include your title if you are filing this POC on behalf of the Claimant.
7.  **DATE**. Date the form is signed.
8.  **FIRM**. If you are filing this POC on behalf of the Claimant, include the name of your company or firm, if applicable.
9.  **ADDRESS**. The address (including City, State, and ZIP code) of the individual completing this POC.
10. **TELEPHONE NUMBERS**. Telephone number of the individual completing this POC.

## <u>REQUIRED SUPPORTING DOCUMENTATION</u>

*   <u>Claims for Goods Purchased by the Failed Institution</u>: You must enclose a copy of the purchase order or other correspondence from the Failed Institution requesting the goods, a copy of your invoice, and a receipt signed by the Failed Institution (or other evidence) indicating that the goods were received.

*   <u>Claims for Services Rendered</u>: You must enclose a copy of the correspondence or signed initial contract sent by the Failed Institution to request your services and an invoice.  In the case of law firms (or other professional firms) retained by the Failed Institution, enclose an itemized invoice detailing charges accruing prior to failure.  For appraisal services, enclose proof that the appraisal was completed.

*   <u>Other Types of Claims</u>: You must enclose a copy of documents that substantiate the nature and amount of the claim.  While you may enclose a copy of the complaint that you filed with a court, this alone is not sufficient to establish your claim.

## <u>SUBMITTING YOUR CLAIM</u>

There are three ways to submit your claim:

*   Please visit https://resolutions.fdic.gov/claimsportal/s/ to file a claim online and for other helpful services you can perform electronically.  Submitting your claim via the FDIC web site is convenient, secure, and inexpensive, and will also help to expedite the handling of your claim
*   Fax by calling a claims agent using the phone number in the enclosed letter.
*   Via mail to the following address:  **600 North Pearl Street, Suite 700, Dallas, TX  75201** If you choose this option, we recommend you send it by U.S. certified mail or a commercial service that can provide you with a receipt of delivery.  Please do not send originals.

**NOTE**:  If you choose to file by mail, it is very important that the Proof of Claim be the top document of your mailing.  The bar code allows for the automated creation of your claim file when the Proof of Claim is read or scanned into our system.  There is no need for a cover letter.

Page down to access form FDIC 7200/19

**Claimant ID: NS10543009259, Barcode Value: FD497251A917DMIG2MJ6, Fund: 10543**

**Federal Deposit Insurance Corporation**
**as Receiver for**
**First Republic Bank, San Francisco, CA**

## PROOF OF CLAIM

1. SSN/Tax ID No. _____

2. The undersigned _____
*(Name of person completing the Proof of Claim)*

   hereby states that the subject Financial Institution, now in liquidation ("Failed Institution"), is indebted

3.    to _____   (the "Claimant") in the sum of
*(Name of Claimant)*

4.    $ _____

5.    Description of Claim

[ ]

The undersigned further states that no part of said debt has been paid, that the Claimant has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or counterclaim, or other legal or equitable defense to said claim or any part thereof.

6. NAME _____   7. DATE _____
*(Name, Title, and Signature of person completing the Proof of Claim )*

8. FIRM _____
*(if applicable)*

9. ADDRESS _____
   ( *City, State, and ZIP Code*) _____

10.  TELEPHONE NUMBER(S) _____

The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than 30 years or both (18 U.S.C. Section 1007).

**IMPORTANT NOTE**:  The bar code at the top of this Proof of Claim is unique to this claim and may not be re-used for other claims which you may have or by other potential claimants. If you have other unrelated claims, you must file a separate Proof of Claim with its own unique bar code.  Additional Proof of Claim forms may be found on the FDIC web site or obtained by mail at the respective addresses indicated in the Instructions.  Re-use of this Proof of Claim may result in processing delays or the rejection of your claim.

**PRIVACY ACT STATEMENT**

The FDIC is authorized to request this information from you by 12 U.S.C. § 1819, 1821, and Executive Order 9397.  The purpose for collecting the information is to support the administration of claims against the failed financial institution. Furnishing the requested information is voluntary, but failure to provide the requested information in whole or in part may delay or prohibit the processing of your claim.  The information provided by individuals is protected by the Privacy Act, 5 USC 552(a).  The information may be furnished to third parties as authorized by law or used according to any of the routine uses described in the FDIC Insured Financial Institution Liquidation Records (30-64-0013) System of Records.  This System of Records is available for review at www.fdic.gov/regulations/laws/rules/2000-4050.html#200030--64--0013.  If you have questions or concerns about the collection or use of the information, you may contact the FDIC's Chief Privacy Officer at Privacy@fdic.gov.

FDIC 7200/19 (12-12)