1
2
3
4
5
6

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8
9
10
11

ARASH FERDOWSI, et al.,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., et al.,

Defendants.

Case No.  24-cv-04644-MMC

**ORDER DISMISSING ACTION
WITHOUT PREJUDICE**

12
13
14
15
16
17
18
19
20
21

    The above-titled action consists of (1) plaintiffs Arash Ferdowsi and Arash
Ferdowsi Revocable Trust's (collectively, "Ferdowsi") complaint against JPMorgan Chase
Bank, N.A. ("Chase Bank") and the Federal Deposit Insurance Corporation ("FDIC"), as
Receiver for First Republic Bank ("FDIC-R"), and (2) the FDIC-R's counterclaims against
Ferdowsi.  By order filed March 26, 2025 ("March 26 Order"), the Court directed the
parties to show cause why said action should not be dismissed in its entirety for lack of
subject matter jurisdiction.  Now before the Court are the responses to the March 26
Order, filed by, respectively, Ferdowsi, Chase Bank, and the FDIC-R.  Having read and
considered the parties' responses, the Court rules as follows.

22
23
24
25
26
27

    As set forth in greater detail in the March 26 Order, Ferdowsi instituted with the
Financial Industry Regulatory Authority ("FINRA") an arbitration proceeding against
JPMorgan Private Wealth Advisors LLC ("JPMPWA") and JPMorgan Securities LLC
("JPMS") (collectively, "JPM Wealth"), as well as against Arif Ahmed ("Ahmed"), based
on Ferdowsi's claims that said respondents, unbeknownst to Ferdowsi, placed him into
investments that allowed them to collect excessive fees.

28

    JPMPWA and JPMS are successors to corporations that had been owned by First

Republic Bank, which bank was placed into receivership, and Ahmed was, at least according to the FDIC-R, an employee of First Republic Bank.  The FDIC-R asserts, and Ferdowsi has not disagreed, that claims against First Republic Bank must be pursued by way of an administrative claim against the FDIC-R.  The parties dispute, however, whether Ferdowsi's claims against JPW Wealth and Ahmed, which are based in part on conduct that occurred prior to the date on which First Republic Bank was placed into receivership, can only be made against the FDIC-R.  In that regard, Ferdowsi, in his complaint, seeks a finding that his claims need not be brought against the FDIC-R, whereas the FDIC-R, in its counterclaims, seeks a finding that Ferdowsi's claims can only be brought against the FDIC-R.

In its March 26 Order, the Court directed the parties to show cause why the instant action should not be dismissed, given that the arbitration hearing is set to begin in December 2025, the arbitrator has yet to decide whether the claims asserted against JPM Wealth and Ahmed can only be asserted against the FDIC-R, and Ninth Circuit authority strongly counsels against court intervention in ongoing arbitration proceedings.  See, e.g., In re Sussex, 781 F.3d 1065, 1072-73 (9th Cir. 2015) (noting Ninth Circuit has "never" approved of district court intervention in ongoing arbitration proceedings).

In his response to the March 26 Order, Ferdowsi does not express any disagreement with the analysis set forth in said Order.  Indeed, Ferdowsi agrees that his complaint can be dismissed without prejudice, so long as the counterclaims likewise are dismissed.  The Court thus turns to the responses by Chase Bank and the FDIC-R, each of which objects to dismissal of the counterclaims.

Chase Bank and the FDIC-R, each citing a number of cases, rely on the general principle that district courts have the authority to determine whether an arbitration has been properly instituted.  The issues raised in the cited cases, however, concern whether a party named in an arbitration proceeding is, in fact, a party to an arbitration agreement or, alternatively, whether a claim asserted in an arbitration proceeding is outside the scope of the agreement.  See, e.g., Ingram Micro Inc. v. Signeo Int'l, Ltd., 2014 WL

United States District Court
Northern District of California

3721197, at *3 (C.D. Cal. July 22, 2014) (enjoining defendant from pursuing arbitration where contract signed by parties did not contain arbitration clause); AT&T Mobility LLC v. Bernardi, 2011 WL 5079549, at *4, *8-*11 (N.D. Cal. October 26, 2011) (enjoining defendant from continuing to pursue arbitration where claims asserted therein were outside scope of agreement and agreement gave court, rather than arbitrator, authority to decide whether dispute fell within scope of arbitration agreement).  Here, by contrast, there is no contention that either JPM Wealth or Ahmed is not subject to an arbitration agreement or that the claims raised before FINRA, i.e., claims arising from asserted mismanagement of Ferdowsi's investments, do not fall within the language of the arbitration agreement.

Chase Bank and the FDIC-R next cite cases in which the question of whether an asserted claim could only be brought against the FDIC was heard by a federal court.  In particular, Chase Bank and the FDIC-R rely primarily on Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207 (9th Cir. 2012), in which the Ninth Circuit affirmed a district court's dismissal of claims asserted against a bank that, under the circumstances presented therein, could only be brought against the FDIC.  See id. at 1209.  In Benson, however, the decision to dismiss the claims was made in the only forum in which the claims were pending and, consequently, no issue as to standing and/or ripeness existed. Other cases in which the Ninth Circuit has determined whether a claim asserted against a defendant other than the FDIC could only be asserted against the FDIC likewise involved a defendant that was responding to claims the plaintiff was exclusively asserting in district court.  See, e.g., West Park Associates v. Butterfield Savings & Loan Ass'n, 60 F.3d 1452, 1458-59 (9th Cir. 1995) (holding, under circumstances presented therein, district court erred in finding plaintiffs' claims against subsidiaries of failed bank were claims plaintiff was required to bring against FDIC); Shaw v. Bank of America, 946 F.3d 533, 538-41 (9th Cir. 2019) (affirming dismissal of claims against trustee of loan; holding, under circumstances presented therein, district court properly found plaintiff was required to bring claims against FDIC).  Nothing in those cases, however, suggests that an

3

1  arbitrator may not resolve such question when it is raised as a defense in an arbitration

2  proceeding, and, as noted, the Ninth Circuit has "never" found it appropriate for a district

3  court to "interven[e] in an ongoing arbitration" for purposes of deciding an issue pending

4  therein.  See Sussex, 781 F.3d at 1072-73.

5       Accordingly, for the reasons stated in the March 26 Order and above, the instant

6  action is hereby DISMISSED, without prejudice.

7       **IT IS SO ORDERED.**

8

9  Dated: April 24, 2025

10                                          MAXINE M. CHESNEY
                                            United States District Judge